SAMUEL A. B.LLING, plaintiff in error, vs. ADOLPHUS S. RUTH-
ERFORD, receiver, defendant in error.

*Equity will not aid a plaintiff in fi. fa. to remove a cloud from a portion of de-
fendant's property, when there is plenty of other unincumbered property out
of which the money can be made.*

In Equity, from Muscogee Superior Court. Decided by
Judge WORRILL, at May Term, 1859.

Samuel A. Billing filed a bill in the Superior Court of
Muscogee county, against A. S. Rutherford, receiver of Dan-
iel McDougald's estate, Robert E. Dixon, administrator of
said estate, and Seaborn Jones, in which he alleged, that he
had a judgment against the administrator of McDougald;
that McDougald, before his death, made a deed to Jones and
Alexander, as trustees, conveying all his property, by which
deed it was provided, that the trustees should first pay, out
of the proceeds of said property, their expenses and compen-
sation; that they should secondly pay, as preferred creditors,
such of the creditors of McDougald as should, within six
months, file with the trustees releases to him; that they
should finally pay those creditors who did not file releases,
and turn over the balance to McDougald; that Rutherford
had been appointed receiver of the property under that deed;
that in consequence of said deed he, Billing, could not col-
lect his money, and that the property would not sell for its
value under such an incumbrance.

The prayer of the bill was that the deed be declared void.

A decree *pro confesso* was had against Dixon and Jones,
and Rutherford filed an answer admitting Billing's debt, the
making of the deed, and his appointment as receiver. He
denied that the deed was void, and set up, as a defence, that
after the making of the deed, McDougald acquired other
property than that conveyed by the deed, (which was then
in the possession of Dixon, administrator,) of more than suf-

ficient value to satisfy Billing's judgment; which defence was admitted to be true in point of fact.

At the May Term, 1859, of the Superior Court of Muscogee county, the parties went to trial on the bill and answer alone; and after argument, the complainant requested the Court to charge the jury, that said deed was void as to complainant. This charge the Court refused to give, but did charge, that the deed was legal and valid; to which refusal to charge and to the charge given, the complainant excepted and assigns the same as error. The jury found a verdict for the defendant.

JOHNSON & SLOAN, for plaintiff in error.

DOUGHERTY, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion

It was an undisputed fact in this case, that there was plenty of unencumbered property out of which Billing's *fi. fa.* could be satisfied. He does not even make a suggestion that the encumbered property would not bring enough under the encumbrance to pay him. *That* was the only point in which he, as a creditor, was concerned—the getting of payment. He stands, then, in the attitude of asking equity to aid him in getting his debt, when he shows a common law remedy in his hands, and that he has no *need* of the aid he asks. On the case, as made by the bill and answer, (uncontroverted,) he clearly had no claim to equitable interposition, and we therefore affirm the judgment, without considering whether the charge was right or not. It is enough that the plaintiff in error has no right to complain of its being wrong.

Judgment affirmed.